# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PEREZ SANCHEZ, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/] <br><br> Defendant. | Case No. ED CV 12-2206 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

George Perez Sanchez ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Two issues are presented for decision here:

   1.   whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's credibility, (*see* Joint Stip. at 4-10); and

   2.   whether the ALJ properly relied on the testimony of the Vocational Expert ("VE"). (*See id.* at 13-19.)

   The Court addresses – and rejects – Plaintiff's contentions below.

---

   [1/]   Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

### A. The ALJ's Assessment of Plaintiff's Testimony

Plaintiff first asserts that the ALJ improperly assessed his credibility. (*See* Joint Stip. at 4-10.) The Court disagrees.

An ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted).

Here, the ALJ provided at least two valid reasons for rejecting Plaintiff's credibility.

First, the ALJ observed that Plaintiff pursued a course of conservative treatment. (AR at 17); *see Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (conservative treatment can discount the severity of a claimant's symptoms). Plaintiff's diabetes and bipolar disorder, for instance, were both noted to be well controlled by medication. (AR at 17; *see* AR 312-32.)

Second, the ALJ noted that Plaintiff stopped working due to a "business-related layoff," not a medical impairment. (AR at 17); *see Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (affirming adverse credibility finding because claimant "was laid off, rather than . . . injured"). Naturally, this undermines the causal connection between Plaintiff's medical impairments and his alleged inability to work.

Thus, in light of the validity of the above two reasons, the ALJ's credibility determination remains intact. To the extent Plaintiff alleges other errors with respect to the credibility assessment, they are harmless. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

### B. The ALJ's Reliance on the VE's Testimony

Plaintiff next asserts that the ALJ erroneously relied on the VE's testimony. (*See* Joint Stip. at 13-19.)

1  Three flaws, however, weigh heavily against Plaintiff's claim here.

2  First, Plaintiff cites *no* legal authority in support of his claim.[2/] (*See* Joint Stip. at 13-19.)

Second, although the ALJ may have miscited certain occupations under the *Dictionary of Occupational Titles*, Plaintiff has also failed to identify any resulting harm. (Joint Stip. at 14); *see Batson*, 359 F.3d at 1197 (harmless errors do not warrant reversal).

Third, even assuming, *arguendo*, that the VE's testimony conflicted with an unspecified "May 2011 survey" from the Department of Labor, Plaintiff does not assert any legal, reversible error. (Joint Stip. at 15.) After all, ALJs are entitled to rely on the VE's expertise in analyzing vocational issues, and nothing in Plaintiff's brief detracts from that conclusion. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). And, furthermore, it was Plaintiff's responsibility to raise such inconsistencies at the administrative level; at this stage, it is not the Court's role to second guess the ALJ's reasonable interpretation of the evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.2001).

Thus, for the above reasons, Plaintiff fails to establish any error with respect to the ALJ's reliance on the VE's testimony. Accordingly, the Court finds that substantial evidence supported the ALJ's decision that Plaintiff was not disabled. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

\ \ \

---

[2/] As a general matter, Plaintiff did not "concisely set forth [his] contentions" as he was instructed to do. (Court's December 21, 2012 Order at 5.) At best, Plaintiff's brief alludes to "various reasons" for reversal, but then fails to substantiate any of them. (Joint Stip. at 14.) For instance, Plaintiff acknowledges that, typically, "expert testimony should not be second guessed," but then asserts – *without citation* – that such second guessing is now permissible because, among other things, such "errors are material to the outcome in this case." (Joint Stip. at 14.)

3

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: July 29, 2013

_____

Hon. Jay C. Gandhi

United States Magistrate Judge